

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00090-CV
_____

IN THE MATTER OF THE MARRIAGE OF
BRENDA KAY NELSON AND
TIMOTHY WAYNE NELSON

On Appeal from the County Court at Law
Hopkins County, Texas
Trial Court No. CV37,846

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

This case was tried in the County Court at Law of Hopkins County. Pursuant to authorization of the Texas Supreme Court, this county court at law is allowed to electronically record proceedings.

Timothy Nelson has appealed the trial court's judgment. When a court reporter attempted to transcribe the electronic recording of this trial, she discovered that the judge's voice could not be heard.

We abated this appeal, and on October 27, 2008, the trial court entered findings that (1) a complete and accurate reporter's record cannot be prepared; (2) a significant portion of the record is unavailable; (3) the missing portion is necessary to the appeal's resolution; and (4) no agreement could be reached by the parties. *See* TEX. R. APP. P. 34.6(f). The loss of the record is through no fault of appellant.

On October 29, 2008, the trial court entered amended findings, entering the same findings recited above, with the additional language: "The Hopkins County Court at Law concludes that therefore a new trial shall be held for the Final Hearing of this matter on December 3, 2008, at 10:00 a.m., in accordance with Rule 34.6(f) of the Texas Rules of Appellate Procedure."

Because an appeal has been filed and the plenary power of the trial court over the judgment has expired, the trial court has no jurisdiction over this case and therefore no authority to determine whether a new trial shall be held or to set a date and time for said trial. Jurisdiction rests solely with the court of appeals. Once this opinion has issued and this Court has determined that a new trial is

necessary and has remanded the case to the trial court for a new trial, and after the trial court thereafter receives our mandate when issued under TEX. R. APP. P. 18.1, the trial court will then have jurisdiction to set a date and time for a new trial of this matter.

Pursuant to Rule 34.6(f), we find the appellant is entitled to a new trial. We reverse the judgment of the trial court and remand this case for a new trial.


Bailey C. Moseley
Justice


Date Submitted:     November 4, 2008
Date Decided:       November 5, 2008